UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARCELLA ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-01610-TWP-DKL |
| | ) | |
| CELADON TRUCKING SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Celadon Trucking Services, Inc. ("Celadon") (Filing No. 49). Celadon seeks summary judgment on a claim brought by Plaintiff Marcella Anderson ("Ms. Anderson") under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA") for failure to provide information requested by Ms. Anderson in connection with her claim for short term disability and long term disability benefits pursuant to a group contract between Celadon and Prudential Insurance Company ("Prudential").[1] For the reasons set forth below, Celadon's motion is **GRANTED**.

**I.   BACKGROUND**

Ms. Anderson filed her response in opposition to Summary Judgment on December 5, 2014 and on December 8, 2014 moved for leave to supplement her designation of evidence. That Motion (Filing No. 74) is **GRANTED**. The following material facts are not in dispute.[2] Ms. Anderson

---

[1] Prudential was voluntarily dismissed as a defendant in this action on March 16, 2015.  *See* Filing No. 95.

[2] The Court notes that Ms. Anderson failed to comply with Local Rule 56-1, which requires that the party opposing summary judgment include in its response a section labeled "Statement of Material Facts in Dispute" that "identifies potentially determinative facts and factual disputes that the party contends demonstrates a dispute of fact precluding summary judgment." S.D. Ind. L.R. 56-1(b). However, because Ms. Anderson expressly agrees with the only material fact that is determinative to the outcome of this motion, the failure to comply with the local rule is of no consequence.

was employed by Celadon as a driver of semi tractor-trailers from December 2007 until March 20, 2013. Celadon provides its over-the-road employees with short term disability ("STD") and long term disability ("LTD") coverage. From July 1, 2007 through June 30, 2010, Celadon's STD and LTD benefits were insured by Prudential pursuant to a group contract (the "Plan"). At all times relevant to this action, Celadon was the owner of the Plan, and Prudential was the administrator and insurer of the Plan. After the cancelation of the Plan with Prudential, Celadon obtained STD and LTD insurance coverage from ReliaStar Life Insurance Company, which became effective July 1, 2010. On or about October 25, 2011, Ms. Anderson suffered orthopedic leg and foot problems. She subsequently submitted a claim for disability benefits form to Prudential on October 25, 2011, which was denied on December 16, 2011. Ms. Anderson filed this action claiming that Celadon failed and/or refused to certify her eligibility for benefits in violation of ERISA.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted).

Even where the facts themselves are not in dispute, summary judgment is inappropriate if alternate inferences can be drawn from the available evidence. *Hines v. British Steel Corp.*, 907 F.2d 726, 728 (7th Cir. 1990). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

### III. DISCUSSION

Ms. Anderson alleges that Celadon is liable under § 1132 of ERISA for failure to comply with a request for information, specifically verification of her employment and/or coverage status. The provisions cited by Ms. Anderson, §§ 1132(a)(1)(B) and 1132(a)(3), only establish who may bring a claim under § 1132 of ERISA, not any affirmative obligation on the part of the defendant. While Ms. Anderson does not specifically state which section Celadon is alleged to have violated by failing to provide the requested information, the only provision related to a requirement to provide information under this section is found in § 1132(c)(1), which states in relevant part,

> [a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C.A. § 1132(c)(1). There is nothing in § 1132 that places such an obligation on the owner of a plan, only the administrator. Ms. Anderson does not dispute the fact that Celadon was the

owner of the Plan and Prudential was the administrator. In fact, she acknowledges in both her Complaint (Filing No. 1-1 p. 3 ¶ ¶ 6-7) and briefing (Filing No. 70 p. 1) that Celadon was the owner and Prudential was the administrator and insurer of the Plan. The statute upon which Ms. Anderson filed her suit does not provide for a claim against the owner of the Plan. Because there is no dispute that Celadon is not the Plan administrator, it cannot be held liable under § 1132 for its alleged failure to provide information to either Ms. Anderson or Prudential, and Celadon is therefore entitled to summary judgment and dismissal of Ms. Anderson's claims.

As a final matter, the Court notes that Celadon included a motion for fees and costs in its memorandum in support of summary judgment briefing arguing that 29 U.S.C. §1132(g)(1) allows the court discretion to award reasonable attorney's fees and costs of the action to a party who has achieved success on the merits under ERISA §502(g). Local Rule 7-1 forbids filing a motion within a motion, therefore the Court need not entertain Celadon's request. However, were the Court to address the motion on its merits, it would be denied. In exercising its discretion to award fees and costs, the Court considers a five-factor test: (1) the degree of the offending parties' culpability; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees against the offending parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions to the extent the factors have bearing on the issue. *Raybourne v. CIGNA Life Ins. Co.*, 700 F.3d 1076, 1090 (7th Cir. 2012). In its discretion, based upon consideration of these factors, fees and costs would not be assessed against Ms. Anderson.

## **CONCLUSION**

For the reasons set forth above, Celadon's Motion for Summary Judgment (Filing No. 49) is **GRANTED**, and the claims against Celadon are **DISMISSED with prejudice**. The Motion for Leave to File Supplement to Plaintiff's Designation of Evidence filed by Ms. Anderson (Filing No. 74) is **GRANTED** and the Motion to Strike filed by Celadon (Filing No. 77) is **DENIED as moot**.

**SO ORDERED.**

Date: 6/19/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

James E. Ayers
WERNLE RISTINE & AYERS
ayersj@wralaw.com

Robert Francis Wagner
LEWIS WAGNER
rwagner@lewiswagner.com

Robert R. Foos
LEWIS WAGNER, LLP
rfoos@lewiswagner.com

Christopher M. Busey
SEYFARTH SHAW LLP
cbusey@seyfarth.com